STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. KIRK R. MONJAREZ, RESPONDENT.
679 N.W.2d 226

Filed May 14, 2004.   No. S-01-1424.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On January 18, 2001, in case No. S-01-086, this court entered an order temporarily suspending respondent, Kirk R. Monjarez, from the practice of law in the State of Nebraska. A trustee was appointed whose duties generally encompassed the notification requirements outlined in Neb. Ct. R. of Discipline 16 (rev. 2001).

On January 29, 2002, amended formal charges containing five counts were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent. These amended formal charges form the basis of the instant case, case No. S-01-1424. Respondent's answer disputed the allegations. A referee was appointed. On March 26, 2003, this

court granted relator's motion to dismiss count III of the amended formal charges.

On January 15, 2004, the referee's hearing was held on the four remaining charges. Respondent, who was represented by counsel, testified. Documentary evidence offered by respondent was received in evidence.

The referee filed a report on February 12, 2004. With respect to the charges, the referee concluded that respondent's conduct had breached the following disciplinary rules of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); Canon 6, DR 6-101(A)(2) (inadequately preparing to handle legal matter); DR 6-101(A)(3) (neglecting legal matter); Canon 9, DR 9-102(A)(2) (failing to deposit client funds in trust account); and DR 9-102(B)(3) (failing to maintain client account records). Although respondent was charged with violating his oath of office as an attorney, see Neb. Rev. Stat. § 7-104 (Reissue 1997), the referee made no finding as to this allegation.

With respect to the discipline to be imposed, the referee recommended that respondent be suspended from the practice of law for a period of 3 years, retroactive to the date of his temporary suspension, followed by 1 year's probation on certain conditions. Neither relator nor respondent filed exceptions to the referee's report. Relator filed a motion for judgment on the pleadings under Neb. Ct. R. of Discipline 10(L) (rev. 2003). We grant the motion for judgment on the pleadings and impose discipline as indicated below.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 23, 1998. At all times relevant hereto, he has practiced in Douglas County, Nebraska.

At the outset of the referee hearing, respondent admitted to many of the allegations contained in the amended formal charges, and the referee based her report in part upon respondent's admissions.

The substance of the referee's findings may be summarized as follows: As to count I of the amended formal charges, the referee found that respondent had been hired by John Morse, Rory

Heaton, and Barry Ridout to represent them in a civil claim against the Mall of America. Respondent failed to record the amount of fees each of these clients had paid him to pursue the claim and did little work on the claim, ultimately withdrawing from his representation of these clients. Respondent refunded $800 to Heaton, an amount equal to the fees respondent believed he had been paid in total by these clients, and asked Heaton to distribute the funds to his coclaimants.

As to count II of the amended formal charges, the referee found that respondent had neglected an appeal to the Nebraska Court of Appeals on behalf of Duane and Vi Koenig. As a result, the Koenigs' appeal in case No. A-99-1170 was dismissed. The record reflects that a dispute exists between the Koenigs and respondent as to the amount of fees to which respondent is entitled in connection with this engagement. Additionally, the Koenigs had paid respondent in advance for their legal fees and expenses, and respondent failed to deposit these funds in his attorney trust account.

As indicated *supra* in this opinion, count III of the amended formal charges was dismissed on March 26, 2003.

As to count IV of the amended formal charges, the referee found that respondent had represented Napolean Garcia Villa in federal court in a criminal prosecution for conspiracy to distribute methamphetamine, including sentencing and filing of a notice of appeal to the U.S. Court of Appeals for the Eighth Circuit. After filing the appeal, however, respondent failed to prosecute the appeal, resulting in respondent's suspension of his right to practice before the Eighth Circuit.

Finally, as to count V of the amended formal charges, the referee found that respondent had been hired by Gerald and Linda Helm to represent them with regard to a motorcycle accident. Although the Helms paid respondent $1,206.50, respondent had little contact with the Helms and failed to file a lawsuit on their behalf. Respondent admitted he did not "finish" the case for the Helms.

In the referee's report filed February 12, 2004, she specifically found by clear and convincing evidence that respondent had violated the disciplinary rules as indicated above. The referee also found certain facts which she characterized as mitigating factors,

including respondent's having reported to relator another attorney's acts of misconduct and respondent's having demonstrated his willingness to admit his neglect with regard to his representation of the clients named in the amended formal charges.

With respect to the sanction which ought to be imposed for the foregoing violations, and considering the mitigating factors the referee found present in the case, the referee recommended that respondent's license to practice law should be suspended for a period of 3 years and that the suspension should be retroactive to January 18, 2001, the date on which respondent was temporarily suspended from the practice of law. The referee also recommended that following this suspension, the grant of respondent's application for reinstatement, if any, be conditioned on the terms which follow: respondent be placed on probation for a period of 1 year following reinstatement, during which period of time, respondent would be supervised by another attorney who would file quarterly reports with relator regarding respondent's progress; respondent submit the Koenigs' fee dispute to the Nebraska State Bar Association's Nebraska Legal Fee Arbitration Plan and agree to be bound by the result reached by the program; and respondent repay $1,206.50 to the Helms.

## ANALYSIS

In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion for judgment on the pleadings under rule 10(L). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Janousek,* ante p. 328, 674 N.W.2d 464 (2004). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the amended formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted.

A proceeding to discipline an attorney is a trial de novo on the record. *Id.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Villarreal,* ante p. 353, 673 N.W.2d 889 (2004).

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1); DR 6-101(A)(2) and (3); and DR 9-102(A)(2) and (B)(3). The record also supports a finding by clear and convincing evidence that respondent violated his oath of office as an attorney, and we find that respondent has violated said oath.

We have stated that "[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." *State ex rel. Counsel for Dis. v. Swanson, ante* p. 540, 551, 675 N.W.2d 674, 682 (2004). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by this court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension. See, also, rule 10(N).

With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach attorney discipline case must be evaluated individually in light of its particular facts and circumstances." *Swanson, ante* at 549, 675 N.W.2d at 681. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *State ex rel. Counsel for Dis. v. Rokahr, ante* p. 436, 675 N.W.2d 117 (2004).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Id.*

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *Janousek, supra.*

The evidence in the present case establishes among other facts that respondent has neglected several clients' legal matters,

failed to properly account for funds deposited in his attorney trust account, and failed to deposit certain client funds in his attorney trust account. As a mitigating factor, we note respondent's cooperation during the disciplinary hearing.

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, this court finds that respondent should be suspended from the practice of law for a period of 40 months and that the suspension should be retroactive to the date of respondent's temporary suspension from the practice of law on January 18, 2001. Should respondent apply for reinstatement, his reinstatement shall be conditioned as follows: respondent shall be on probation for a period of 1 year following reinstatement during which period respondent shall be supervised by an attorney approved by relator, which attorney shall file quarterly reports with relator, summarizing respondent's progress and his adherence to the Code of Professional Responsibility; respondent shall make a showing that he has submitted the Koenigs' fee dispute to the Nebraska State Bar Association's Nebraska Legal Fee Arbitration Plan and has agreed to be bound by the result reached by the program; and respondent shall make a showing that he has refunded $1,206.50 to the Helms.

## CONCLUSION

The motion for judgment on the pleadings is granted. It is the judgment of this court that respondent should be and is hereby suspended from the practice of law for a period of 40 months with such suspension to be retroactive to January 18, 2001, after which period, respondent may apply for reinstatement, subject to the terms outlined above. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001) and 10(P) .

JUDGMENT OF SUSPENSION.